**Mauricio Alberto VAQUEDANO–SANCHEZ, a.k.a. Mauricio Sanchez Vaquedano, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–72734.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 25, 2014.*

June 30, 2014.

Alejandro Garcia, Law Offices of Alejandro Garcia, Commerce, CA, for Petitioner.

Marshall Tamor Golding, Esquire, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

### MEMORANDUM **

Mauricio Alberto Vaquedano–Sanchez, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.

Vaquedano–Sanchez claims past persecution and a fear of future persecution by gang members in Honduras. Substantial evidence supports the BIA's determination that Vaquedano–Sanchez failed to establish past mistreatment or a fear of future mistreatment on account of a protected ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir.2004) (random

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

criminal acts bore no nexus to a protected ground); *Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir.2011) (per curiam) (personal disputes not grounds for asylum unless connected to a protected ground) (citation omitted). Accordingly, Vaquedano–Sanchez's asylum claim fails.

Because Vaquedano–Sanchez failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

### PETITION FOR REVIEW DENIED.